## DESMOND INCANDESCENT LAMP CO. et al. v. GENERAL ELECTRIC CO.

### No. 3923.

Circuit Court of Appeals, Third Circuit.

Sept. 18, 1931.

Charles J. Holland, of New York City, for appellants.

Howson & Howson, of New York City (Albert G. Davis, of Schenectady, N. Y., and Hubert Howson, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

The bill charges infringement of the Just & Hanaman patent No. 1,018,502 and the Langmuir patent No. 1,180,159. The first is for a substantially pure tungsten filament in an incandescent lamp; the second for an incandescent lamp bulb having a tungsten filament enveloped by an atmosphere of inert gas. The case was first here on appeal from a decree of the District Court granting a preliminary injunction. We considered and decided the case on the assumption of the validity of the patents, many times sustained by other courts, and on issues not whether the patents were valid and infringed but whether the plaintiff's evidence was of a character that justified the court, in the exercise of its discretion, to award a preliminary injunction. 27 F.(2d) 590. The case went to final hearing on issues of validity and infringement of the Langmuir patent and infringement alone of the Just & Hanaman patent. It is now here on appeal from a final decree holding claims of the two patents in suit valid and infringed.

Although the issues in the first appeal differ from those in this appeal in the respect that we were then considering a prima facie case indicating infringement of adjudicated patents and are now passing on the validity of one patent and infringement of both, the evidence in the two appeals on the issues of infringement is substantially the same in that the evidence for the plaintiff on the final hearing is in part that of the preliminary hearing, corroborated and fortified by fresh evidence. The evidence for the defendants—much of which is new in delivery but old in character—does not successfully controvert that of the plaintiff. In consequence we find ourselves of the same opinion on the final questions of infringement as on the preliminary ones. Having made a careful study of those issues on the first appeal and expressed our views at some length, we shall not repeat or amplify them here.

We find nothing in the evidence for the defendants on the issue of validity of the Langmuir claims to overcome the presumption of validity arising from the patent grant or to disturb the decisions of other courts on a number of them. We hold those claims of the Langmuir patent here in suit valid.

The decree of the District Court is in all respects affirmed.